Since this case was before us on a former occasion, the main question involved in it has been determined in this court, after repeated arguments and upon very full consideration, against the position of the defendant. (Farmers' and Mechanics' Bank of KentCounty v. The Butchers' and Drovers' Bank, 16 N.Y., 125.) It was adjudged that a bona fide holder of a check on a bank, negotiable upon its face, and certified to be good by the paying teller, whose authority to certify checks was limited to cases where the bank held funds of the drawer, could enforce its payment, though it was, in fact, certified without funds, and for the accommodation of the drawer. When it is remembered that the officers of banks have authority to indorse, in their behalf, bills which they have received in the course of business, and have no power to indorse for the accommodation of others, and that the managers of the defendant's bank negotiated this bill to the plaintiff as its bill, whereby the latter became a bonafide holder without notice, it will be seen that the case under consideration falls directly within the principle decided. This result is in conformity with the only opinion published when the new trial in this case was ordered (3 Kern., 309), which then expressed *Page 320 
only the views of a single judge; but if it should now be concurred in by the court, it will furnish as full a statement as seems necessary of the grounds of the present judgment.
Upon the question whether the indorsement of Stokes, the defendant's cashier, was sufficient in form to bind the defendants, the former report furnishes the reasoning and authorities which led me to a conclusion favorable to the plaintiff, and I could add nothing to their force by re-stating them. I do not understand the defendant's counsel seriously to deny but that the indorsement would be sufficient to charge the bank, if made in a business which it had a right to transact. His position is that it was not enough to show that it was made by the authority of the governing officers of the bank, in a business which they assumed to engage in, in its behalf, and with a view to constitute the bank an indorser, but it must have been within the scope of their powers, and an act which would have bound it if the bill had been in the hands of a party having notice of the facts. I do not think the position can be maintained. The question was whether the indorsement of Stokes was private or official. In the absence of any evidence to connect the bill with the defendant's bank, he would be regarded as the payee and the indorser individually, and the abbreviation affixed to his name would be considered as a descriptiopersonæ. But when it had been shown that he was the defendant's cashier, the presumption would be that a note payable in that form was the property of the bank; and when he indorsed it with the addition mentioned, and sent it to the plaintiff in an official letter, for discount, which was the same thing as requesting the plaintiff to discount it on behalf of the defendant's bank; this being done; according to the finding of the jury, by the authority of Mr. Patchin, the only governing officer, it was then shown that the indorsement was an official one, and the plaintiff was entitled to fill it up so as to make it appear to be the indorsement of the bank, upon the same principle upon which one receiving a bill or note, indorsed to him in blank, has a right to fill up the indorsement with a direction to pay the contents to him or his order. The indorsement of Stokes, *Page 321 
the facts being shown, was the indorsement of the bank, and not Stokes' individual act, and is just as available as though it had been perfect in form. Such an indorsement would be of no avail in the hands of a party having notice that it was made for the accommodation of the railroad company, nor would one perfect in form. But an indorsement by the cashier, unexceptionable in form, and also an indorsement in the short form used on this occasion, if coupled with evidence showing it to have been, in fact, done on behalf of the bank, negotiated to a bona fide holder, concludes the bank in favor of such holder, though the indorsement was for the accommodation of another party.
I am of opinion that the judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed.